# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-0109V
### Filed: September 25, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| JAMES KOIS, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Attorney Fees and Costs; Stipulation |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Alison H. Haskins, Esq., Maglio Christopher and Toale, PA, (FL) Sarasota, FL, for petitioner.*
*Debra A. Filteau Begley, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 2, 2015, James Kois filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Mr. Kois alleges that he suffered brachial neuritis[3] due to the influenza ("flu") vaccine he received on November 19, 2013. Petition at 1, 5. On August 26, 2015, a decision awarding compensation to petitioner based on the parties' stipulation was issued.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The petition refers to petitioner's injury as Parsonage-Turner syndrome or brachial plexopathy, but both of these terms are synonymous with a diagnosis of brachial neuritis. Stipulation at footnote 1.

On September 25, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs.  According to the stipulation, the parties agree upon an award of $15,000.00 for attorney's fees and costs.  In compliance with General Order #9, petitioner has filed a declaration indicating he incurred no out-of-pocket expenses in this case.  Furthermore, petitioner's counsel represents petitioner incurred no out-of-pocket expenses.  Stipulation, ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  The proposed amount is reasonable.

**Accordingly, I award the total of $15,000.00[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Alison H. Haskins.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
**Nora Beth Dorsey**
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).